# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| JOYCE CRISWELL and EARL CRISWELL, | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 5:08-CV-257 (HL) |
| CONVENIENCE STORES, INC., et al., | : | |
| Defendants. | : | |

## ORDER

**I.     INTRODUCTION**

On April 8, 2008, Plaintiffs filed suit (Doc. 1) in the Northern District of Alabama, Jasper Division, against Piggly Wiggly Store #398 and Pepsi Bottling Group for personal injuries that Plaintiff Joyce Criswell sustained when she fell in the area around a Pepsi vending machine that was located in a Piggly Wiggly Store in Butts County, Georgia. On June 19, 2008, Plaintiffs amended their Complaint to correctly identify Defendant Piggly Wiggly Store #398 as Convenience Stores, Inc. ("CSI"). (Doc. 11).

On June 25, 2008, Defendant CSI filed a Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Doc. 13) on the basis that CSI was not

subject to personal jurisdiction in Alabama as it is a Georgia corporation, it has no business contacts in the state of Alabama, and the accident that serves as the basis of the suit occurred in Georgia. On July 16, 2008, the Northern District of Alabama transferred this case to the Middle District of Georgia.

## II. DISCUSSION

### A. SUBJECT MATTER JURISDICTION

This Court conducts an initial review of each case. The initial review ensures that each case has a proper jurisdictional basis. Proper jurisdiction is important because federal courts have only limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Save the Bay, Inc. v. United States Army, 639 F.2d 1100, 1102 (5th Cir. 1981).[1] They possess only that power authorized by the United States Constitution and by federal statutes. Kokkonen, 511 U.S. at 377; Save the Bay, 639 F.2d at 1102. Therefore, federal courts should constantly examine a case's jurisdictional basis – even on their own initiative if necessary. Save the Bay, 639 F.2d at 1102 (citing Fed. R. Civ. P. 12(h)(3)); Louisville & Nashville R.R. v. Mottley, 211 U.S. 149 (1908)).

Original jurisdiction may be based on either a federal question or diversity of citizenship. 28 U.S.C. § 1331; 28 U.S.C. § 1332. If jurisdiction is based on either

---

[1] The United States Court of Appeals for the Eleventh Circuit has adopted the case law of the former Fifth Circuit handed down as of September 30, 1981, as its governing body of precedent. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981). This body of precedent is binding unless and until overruled by the Eleventh Circuit en banc. Id.

of these grounds, the party invoking the court's jurisdiction "must affirmatively allege facts demonstrating the existence of jurisdiction and include 'a short and plain statement of the grounds upon which the court's jurisdiction depends.'" Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) (quoting FED. R. CIV. P. 8(a)).

In this case, Plaintiff alleges that this Court has diversity jurisdiction under 28 U.S.C. § 2675; but this code section concerns when plaintiffs can institute suit for a "claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment...." Unless Piggly Wiggly or Pepsi has recently become a branch of the federal government, Plaintiffs have clearly invoked the wrong jurisdictional statute. The statute that Plaintiffs should have invoked is the diversity jurisdiction statute, which is 28 U.S.C. § 1332. Because Plaintiffs allege that the Court has diversity jurisdiction over the matter, Plaintiffs have the burden of affirmatively alleging the citizenship of the parties and that the amount in controversy exceeds $75,000. Id. at 1367. Plaintiffs, however, have not properly alleged their own citizenship, nor have they properly alleged the citizenship of Defendants.

### 1. Plaintiffs' Citizenship

Although there is no statutory definition of citizen, with regard to natural persons, federal courts hold that citizenship is equivalent to "domicile" for purposes of diversity jurisdiction. McCormick v. Anderholt, 293 F.3d 1254, 1257 (11th Cir.

2002). Domicile generally requires physical presence in the state and the intent to make the state one's "'true, fixed, and permanent home and principal establishment.'" Id. (quoting Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir.1974)). Further, a person may reside in one place but be domiciled in another. Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48, 109 S. Ct. 1597, 1608 (1989). Thus, mere residency is not enough to establish citizenship for diversity jurisdiction.

In this case, Plaintiffs only allege that they are residents of Alabama. As stated above, residency and citizenship are not synonymous. As a result, Plaintiffs have not adequately alleged their own citizenship.

### 2. Defendants' Citizenship

Corporate parties are considered to be citizens of both their state of incorporation and their principal place of business. 28 U.S.C. § 1332(c)(1). In this case, both Defendants are corporate parties. Plaintiffs, however, have failed to plead the Defendants' states of incorporation and principal places of business.

To correct the deficient allegations of citizenship, Plaintiffs shall amend their Complaint, if at all, no later than twenty (20) days after the date this Order is entered. If Plaintiffs fail to file the amendment by the deadline set forth above, this case shall be dismissed for want of jurisdiction.

### B. DEFENDANT CSI's MOTION TO DISMISS

The basis for Defendant CSI's Motion to Dismiss was that (1) CSI was not

subject to personal jurisdiction in Alabama, and (2) the Northern District of Alabama was not the proper venue. Because this case was transferred from the Northern District of Alabama to this Court, Defendant CSI's Motion to Dismiss is denied as moot.

**III.  CONCLUSION**

For the aforementioned reasons, Plaintiffs' shall have twenty (20) days from the entry of this Order to correct the deficient allegations of citizenship. CSI's Motion to Dismiss is denied as moot.

**SO ORDERED**, this the 4th day of August, 2008

 *s/  Hugh Lawson*<br>**HUGH LAWSON, Judge**

dhc