IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOYCE CRISWELL and EARL CRISWELL, <br><br> Plaintiffs, <br><br> v. <br><br> CONVENIENCE STORES, INC., et al., <br><br> Defendants. | Civil Action No. <br> 5:08-CV-257 (HL) |

## ORDER

### I. INTRODUCTION

On April 8, 2008, Plaintiffs filed suit (Doc. 1) in the Northern District of Alabama, Jasper Division, against Piggly Wiggly Store #398 and Pepsi Bottling Group for personal injuries that Plaintiff Joyce Criswell sustained when she fell in the area around a Pepsi vending machine that was located in a Piggly Wiggly Store in Butts County, Georgia. On July 16, 2008, following Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Doc. 13), the Northern District of Alabama transferred this case to the Middle District of Georgia. (Doc 18). On August 4, 2008, after conducting an initial review for proper jurisdiction, this Court ordered Plaintiffs to adequately allege both parties citizenship. (Doc. 21).

1

On August 13, 2008, Plaintiffs filed an Amended Complaint (Doc. 29). In their Amended Complaint Plaintiffs correctly alleged they are citizens of the State of Alabama. In regards to Defendant, Convenience Stores, Inc. ("CSI"), a foreign corporation, Plaintiff alleges it does substantial business in the State of Georgia, is not a citizen nor does any business in Alabama, and incorporated in the State of Georgia. In regards to Defendant, Bottling Group, LLC d/b/a The Pepsi Bottling Group ("PBG"), Plaintiff alleges it does substantial business in the State of Georgia and is not a citizen nor does any business in Alabama.[1]

## II. DISCUSSION

### A. SUBJECT MATTER JURISDICTION

A civil action "brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C.A. § 1441(a) (West 2006). District courts have original jurisdiction of all civil actions in which the amount in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C.A. § 1332(a) (West 2006). For purposes of 28 U.S.C.A. § 1332, a corporation is deemed to be a citizen of any state in which it has been incorporated and the state where it has its one principal place of business. 28 U.S.C.A. § 1332(c)(1) (West 2006). Thus, pursuant to 28 U.S.C.A. § 1332, a corporation may be deemed to be a citizen of more than one state.

---

[1] In the Amended Complaint Plaintiff mistakenly refers to PBC, a LLC, as a foreign corporation that is incorporated in the State of Alabama.

The citizenship of a limited liability company is not determined in the same manner as a corporation, however. In the Eleventh Circuit, the citizenship of a limited liability company, as an artificial, unincorporated entity, is determined for diversity jurisdiction purposes by the citizenship of all the members composing the organization. Rolling Greens MHP v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021-22 (11th Cir. 2004). Thus, a limited liability company is a citizen of any state of which a member of the company is a citizen. Id. at 1022. And, therefore, like a corporation, a limited liability company could be deemed a citizen of more than one state.

Because federal courts are courts of limited jurisdiction, they "always have an obligation to examine *sua sponte* their jurisdiction before reaching the merits of any claim." Kelly v. Harris, 331 F.3d 817, 819 (11th Cir. 2003). Furthermore, a defendant removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties. Rolling Greens MHP, 374 F.3d at 1022 (citing Williams v. Best Buy Co., Inc. 269 F.3d 1316, 1318 (11th Cir. 2001)). To sufficiently allege the citizenship of a limited liability company, a party must list the citizenship of all the members of the limited liability company. Id.

In examining the jurisdictional allegations presented in the Amended Complaint, the Court finds they are lacking. Specifically, Plaintiffs have failed to identify the citizenship of each of the members of PBC, LLC. As a result, this Court is unable to ascertain whether complete diversity of citizenship exists and, therefore,

the Amended Complaint fails to satisfy the prerequisites of subject matter jurisdiction. However, the Court is of the opinion that Plaintiffs should be allowed to amend to correct the deficiencies noted. Accordingly, Plaintiff shall not later than September 12, 2008 file an amendment that conforms to the findings of this Order. Failure to plead the necessary jurisdictional prerequisites in a timely manner will result in dismissal for lack of jurisdiction.

### III. CONCLUSION

For the aforementioned reasons, Plaintiffs shall have ten (10) days from the entry of this Order to correct the deficient allegations of citizenship.

**SO ORDERED**, this the 28th day of August, 2008

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

wjc