# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA MACON DIVISION

| | | |
|---|---|---|
| **JOYCE CRISWELL, et al,** | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 5:08-cv-257(HL) |
| | : | |
| **PEPSI BOTTLING GROUP, et al,** | : | |
| | : | |
| Defendants. | : | |

_____

# <u>ORDER</u>

## I.    INTRODUCTION

Before the Court is a motion seeking leave to intervene as plaintiffs under Federal Rule of Civil Procedure 24(a), or in the alternative, 24(b), by Acosta Sales, LLC and Hartford Casualty Insurance Co. (doc. 17).  Following review of the petitioners' pleadings, the Court directs petitioners to amend consistent with the following.

Plaintiff's, Joyce Criswell and Earl Criswell, commenced this negligence action after allegedly sustaining injures from a slip and fall.  The complaint states that plaintiffs are citizens of Alabama (doc. 1).  Both defendant Convenience Stores Inc. ("CSI") and defendant Bottling Group LLC, d/b/a Pepsi Bottling Group ("Bottling Group"), are companies incorporated in the State of Georgia doing

1

business principally in the State of Georgia at the time the complaint was filed (doc. 6, 8).

In the complaint, plaintiff's did not invoke federal question jurisdiction under 28 U.S.C. § 1331, but relied exclusively upon diversity of citizenship under 28 U.S.C. § 1332, which was proper.  In their motion seeking leave to intervene, petitioners state only "Acosta Sales, LLC is a resident citizen of a state other than Alabama.  Hartford Casualty Insurance Company is a resident citizen of a state other than Alabama."

## II.   DISCUSSION

### A.    Intervention

This Court has original jurisdiction over this case under 28 U.S.C. § 1332, inasmuch there is complete diversity between the original plaintiffs and the defendants.  Once a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy in accordance with 28 U.S.C. § 1367. 28 U.S.C. § 1367(a) provides, in relevant part:

> Except as provided in subsections (b) and (b) . . . in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

As stated in 28 U.S.C. § 1367(a), the initial grant of supplemental

jurisdiction is limited by 28 U.S.C. § 1367(b), which states, in relevant part:

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district court shall not have supplement jurisdiction . . . over claims by persons . . . seeking to intervene as plaintiffs under Rule 24, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

Therefore, as a general rule, petitioners may not seek leave to intervene as plaintiffs  if such intervention would destroy diversity under 28 U.S.C. § 1332.[1]

See Sunpoint Sec., Inc. v. Porta, 192 F.D.R. 716, 717-18 (M.D. Fla. 2000).

Complete diversity is required whether intervention is invoked as intervention of right, via Rule 24(a), or as permissive intervention, via Rule 24(b).  6 Moore's Federal Practice, § 24.22[2] ) Matthew Bender 3d ed.) ("[28 U.S.C. § 1367(b)] elevates the principle of complete diversity between plaintiffs and defendants. Under this legislation it is no longer necessary to distinguish between intervention of right and permissive intervention for the purpose of establishing jurisdiction."). Furthermore, as the party asserting jurisdiction, the petitioners bear the burden of establishing the citizenship of the parties.  Development Fin. Corp v. Alpha Hous. & Health Care, Inc., 54 F.3d 156, 158.  See also Rolling Greens MHP, 374 F.3d 1020, 1022 (11th Cir. 2004) (citing Ray v. Bird & Son & Asset Realization Co.,

---

[1] A court may realign the parties to retain subject matter jurisdiction, i.e., to maintain complete diversity, by "looking beyond the pleadings and arranging the parties according to their sides in the dispute." Development Fin. Corp v. Alpha Hous. & Health Care, Inc., 54 F.3d 156, 158.  However, such considerations would be premature given the directives of this order.

519 F.2d 1081, 1082 (5th Cir. 1975)).

**B.     Citizenship of a Corporation and Limited Liability Company**

For purposes of 28 U.S.C. § 1332, a corporation is deemed to be a citizen of any state in which it has been incorporated and the state where it has its one principal place of business.  28 U.S.C. § 1332(c)(1).  Thus, pursuant to 28 U.S.C. § 1332, a corporation may be deemed to be a citizen of more than one state.

The citizenship of a limited liability company is not determined in the same manner as a corporation, however.  In the Eleventh Circuit, the citizenship of a limited liability company, as an artificial, unincorporated entity, is determined for diversity jurisdiction purposes by the citizenship of all the members composing the organization.  Rolling Greens MHP v. Comcast SCH Holdings L.L.C., 374 F.3d at 1021-22.  Thus, a limited liability company is a citizen of any state of which a member of the company is a citizen.  Id. at 1022.  And, therefore, like a corporation, a limited liability company could be deemed a citizen of more than one state.  To sufficiently allege the citizenship of a limited liability company, a party must list the citizenship of all the members of the limited liability company. Id.

Because federal courts are courts of limited jurisdiction, they "always have an obligation to examine *sua sponte* their jurisdiction before reaching the merits of any claim."  Kelly v. Harris, 331 F.3d 817, 819 (11th Cir. 2003).  In examining the jurisdictional allegations presented in petitioners' pleadings, the Court finds

they are lacking.  Petitioner Acosta Sales, LLC failed to identify the citizenship of each of its members.  Additionally, petitioner Hartford Casualty Insurance Co., assuming it is a corporation, failed to identify its state of incorporation or principal place of business.

As a result, this Court is unable to ascertain whether complete diversity of citizenship exists and, therefore, the motion seeking leave to intervene as plaintiffs fails to satisfy the prerequisites of subject matter jurisdiction.  However, the Court is of the opinion that petitioners should be allowed to amend to correct the deficiencies noted.  Accordingly, petitioners shall have twenty days from the date of entry of this Order in which to file an amendment that conforms to the findings of this Order.  Failure to plead the necessary jurisdictional prerequisites in a timely manner will result in denial of the motion seeking leave to intervene as plaintiffs.

## III.   CONCLUSION

For the aforementioned reasons, petitioners shall have twenty (20) days from the entry of this Order to correct the deficient allegations of citizenship.

**SO ORDERED**, this the 25th day of November, 2008.


*s/   Hugh Lawson*
**HUGH LAWSON, JUDGE**

wjc

5