**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **JOYCE and EARL CRISWELL,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **Civil No. 5:08-CV-257(HL)** |
| | : | |
| **CONVENIENCE STORES, INC., et al.** | : | |
| | : | |
| **Defendants.** | : | |

**ORDER**

This matter is before the Court on Acosta Sales, LLC and Hartford

Casualty Insurance Company's Motion to Intervene (Doc. 52).  For the following

reasons the Motion is denied.

**I.     BACKGROUND**

On April 8, 2008, Plaintiffs, Joyce and Earl Criswell, filed a Complaint (Doc.

1) against Defendants Convenience Stores Inc. and Bottling Group, LLC d/b/a

Pepsi Bottling Group for injuries sustained from an accident.  On December 16,

2008, Joyce Criswell's employer, Acosta Sales, LLC and Acosta's workers'

compensation carrier, the Hartford Casualty Insurance Company (hereinafter the

Movants) filed the Motion to Intervene that is presently before the Court.

The accident occurred on Aug. 16, 2006, when Joyce Criswell suffered

from a fall near a vending machine in the vicinity of the Piggly Wiggly entrance in

1

Jackson, Georgia.  Plaintiff has received workers' compensation benefits as a result of these injuries because she was acting within the scope of her employment during the time of the accident.  Plaintiff's workers' compensation claim was paid by Movants under the Workers' Compensation Act of the State of Alabama.  Movants are now seeking to intervene as plaintiffs in this case to preserve their claim against the defendants.

## II.   DISCUSSION

Federal Rule of Civil Procedure 24 provides for two types of intervention: (1)intervention as of right, and (2)permissive intervention.

First, a party is entitled to intervene as of right if, on timely motion, the intervenor "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Fed. R. Civ. P. 24(a).

Second, a party may be permitted to intervene if, on timely motion, the intervenors' "claim or defense and the main action [have] a question of law or fact in common." Fed. R. Civ. P. 24(b).

In this case, the defendants contend that Movants do not have a right to intervene because Georgia law is the law to be applied and Georgia law precludes subrogation claims from workers compensation not paid under Georgia law.  The Court agrees.

2

When jurisdiction is based on diversity of citizenship, a federal court must apply the choice of law rules of the forum state to determine which substantive law governs the action. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941); accord U.S. Fidelity & Guar. Co. v. Liberty Surplus Ins. Corp., 550 F.3d 1031, 1033 (11th Cir. 2008); see also Argonaut Ins. Co. v. Panhandle & Sante Fe R.R. Co., 367 F.2d 564, 564 (5th Cir. 1966)[1] (ruling in a diversity case that Texas law would be applied to determine the parties subrogation rights and ability to intervene in a Texas forum, where the workers' compensation was paid in Oklahoma).

Because the forum state here is Georgia, Georgia law will apply to determine the substantive subrogation rights of the parties.  The Georgia Legislature has specifically created O.C.G.A. § 34-9-11.1 to handle subrogation issues in workers' compensation claims.  The statute has been interpreted to "plainly provide the employer or insurer a right of subrogation limited to benefits paid under the Georgia Workers' Compensation Act." Johnson v. Comcar Indus., Inc., 252 Ga.App. 625, 626, 556 S.E.2d 148, 150 (2001); see also Maryland Cas. Ins. Co. v. Glomski, 210 Ga.App. 759, 759-760, 437 S.E.2d 616, 617 (1993). "Any subrogation claim which an insurer... may have against a third-party

---

[1]In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

3

tortfeasor who has caused the death or disability of an employee arises solely by the operation of the statute." <u>K-Mart Apparel Corp. v. Temples</u>, 260 Ga. 871, 873, 401 S.E.2d 5, 7 (1991); <u>Johnson</u>, 252 Ga.App. at 626, 556 S.E.2d at 150 (ruling that workers' compensation insurer who paid under the Virginia Workers' Compensation Act, not the Georgia Workers' Compensation Act, is barred from asserting any subrogation rights in a Georgia forum).[2]  In the present case, Movants paid the workers' compensation under Alabama law, not Georgia law, and are therefore barred from asserting any subrogation rights in a Georgia forum.

In support for intervention, Movants argue that in the circumstances of this case Alabama law applies in this Georgia forum, and under Alabama law subrogation would be allowed.  Movants' primarily rely on the Fifth Circuit Case of <u>McDonald v. E.J. Lavino Company</u>, 430 F.2d 1065 (1970).  In <u>McDonald</u>, an employee was injured in Alabama, received his workers' compensation by his Mississippi employer pursuant to Mississippi subrogation law, and used Mississippi subrogation law in Alabama District Court.

_____

[2] "In creating this statutory balance of rights and privileges, the legislature has determined that [in some circumstances] the employer should not be entitled to subrogation.  This legislature may do absent any Constitutional prohibition." <u>K-Mart Apparel Corp. v. Temples</u>, 260 Ga. 871, 873, 401 S.E.2d 5, 7 (1991).  There has been no authority cited in the present case for the proposition that either the Georgia Constitution or the United States Constitution requires subrogation in the these circumstances.

However, that case's applicability is suspect because it gives no explanation or reasoning for why Mississippi law was used in the Alabama forum.[3]  Absent any rationale from the McDonald court, this Court can only speculate that Alabama follows the majority rule regarding subrogation rights, which states that "if compensation is brought against a third-party in the state of injury, the substantive rights of the employee, subrogated insurance carrier, and the employer are ordinarily held governed by the laws of the foreign state." Maryland, 210 Ga.App. at 759-760, 437 S.E.2d at 617 (citing Howard v. Alfrey, 697 F.2d 1006, 1009 (11th Cir. 1983)).

In contrast, the majority rule is not the rule in Georgia. Maryland, 210 Ga.App. at 760, 437 S.E.2d at 617.  The Supreme Court of Georgia ruled that under the Georgia conflicts-of-laws rule in tort cases, the law of the place where the tort was committed is the law by which liability is to be determined.  Id.  The law of Georgia, the place of the alleged tort, governs the subrogation rights even though the Plaintiff has received workers' compensation in Alabama.  Therefore the Workers' Compensation Act of the State of Alabama is inapplicable to the instant case, which leaves Movants with no subrogation rights.

Without any subrogation rights in the current forum Movants have no right

---

[3]  As Movants admit in their response brief (Doc. 60), "the Court found the only question was whether [Movants] proposed intervention was timely."

to enter this case.  Without any right to enter the case Movants cannot be allowed to intervene through as of right intervention or permissive intervention.[4]

## III.   CONCLUSION

For the foregoing reasons, Movants Motion to Intervene is DENIED.

**SO ORDERED**, this the 22nd day of July, 2009.



                                            *s/  Hugh Lawson*

bgb                                         **HUGH LAWSON, Judge**

---

[4] Certainly, if Movants are not able to intervene against the defendants, they could still assert the subrogation lien against the recovery in the hands of the Plaintiffs after they have been made whole. <u>Canal Ins. Co. v. Liberty Mut. Co.</u>, 256 Ga. App. 866, 869, 570 S.E.2d 60, 64 (2002).